Hillsborough
No. 78-176

THE STATE OF NEW HAMPSHIRE

v.

DALE MURCHAISON

December 29, 1978

*Thomas D. Rath*, attorney general (*Peter W. Mosseau* orally), for the State.

*Sullivan, Gregg & Horton*, of Nashua (*James L. Sullivan, Jr.*, orally), for the defendant.

MEMORANDUM OPINION

Defendant was convicted of theft by deception. His exceptions were transferred by *King*, J.

Defendant contends that the trial court erred in denying his motions to dismiss and to set aside the verdict on the basis that the evidence did not support a finding that he intended to deprive the owner of the property.

The evidence shows that defendant obtained a loan from Household Finance Corporation of New Hampshire by posing as one Marinus D. Blomme. The company obtained a credit report on Blomme and made the loan. Defendant signed the name Marinus Blomme to the note, and the check which defendant cashed was made out in that name. One of the elements of theft by deception is that the defendant intend to deprive the owner of the property. RSA 637:4. Defendant testified that he intended to repay the loan according to schedule. The loan has not been repaid.

In passing on the sufficiency of the evidence, we must construe the evidence most favorably to the State. *State v. Dupuy*, 118 N.H. 848, 395 A.2d 851 (1978). In our opinion the intent to deprive the owner of the property could be found from the fact that defendant obtained it by deception and has not paid it back.

Defendant also contends that it was error for the trial court to deny his pretrial motion to exclude evidence of his prior conviction in 1969 for forgery. In his motion defendant asserted that he intended to take the stand in his own defense, but the defendant waived trial by jury and the prior conviction was not in fact introduced at the trial. The question is therefore moot.

*Exceptions overruled.*